UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MAMAH ABDOULAYE,

Petitioner,

v.

SIXTO MARRERO, Warden, Imperial Regional Detention Facility, et al.,

Respondents.

Case No.:  26-CV-767 JLS (DEB)

**ORDER:**

**(1) GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS, AND**

**(2) GRANTING JOINT MOTION TO SEAL PREVIOUSLY FILED DOCUMENT**

(ECF Nos. 1, 5)

Presently before the Court is Mamah Abdoulaye's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court are Respondents' Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 4), Petitioner's Traverse ("Traverse," ECF No. 6), and the Parties' Joint Motion to Seal Previously Filed Document ("Joint Mot.," ECF No. 5).  For the reasons set forth below, the Court **GRANTS IN PART** the Petition for a Writ of Habeas Corpus (ECF No. 1) and **GRANTS** the Joint Motion to Seal (ECF No. 5).

/ / /

1

## BACKGROUND

Petitioner, a citizen of Togo, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") at the Imperial Regional Detention Facility since January 11, 2025, when he entered the United States. Pet. ¶¶ 22–23. Petitioner fled Togo based on his fear of political persecution, seeking asylum in the United States. *Id.* ¶ 23. On March 10, 2025, when border officials were unable to secure a Tchamba—the only language which Petitioner is fluent in—interpreter to conduct a credible fear interview, they directed DHS to issue a Notice to Appear and commence removal proceedings. *Id.* ¶¶ 24–25. From April to June 2025, Immigration proceedings were delayed on multiple occasions due to the Immigration Judge's inability to obtain a Tchamba interpreter. *Id.* ¶¶ 26–29. On August 11, 2025, the Immigration Judge "deemed Petitioner's application abandoned and ordered him removed." *Id.* ¶ 31. Petitioner thereafter obtained pro bono counsel and timely appealed the Immigration Judge's decision to the BIA, which remains pending. *Id.* ¶¶ 34–36. Petitioner alleges that his continued detention violates the Due Process Clause of the Fifth Amendment. *See generally id.*

## MOTION TO SEAL

The Parties seek to file under seal the previously publicly filed document, Exhibit 2 of Respondents' Return, as it includes a transcript containing sensitive asylum-related information, specifically information about Petitioner's "political activities, ethnicity, and family." Joint Mot. at 2–3; *see also* Ret., Ex. 2. A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98.

26-CV-767 JLS (DEB)

Here, because the transcript is relevant to the claims in the Petition, it is "more than tangentially related to the merits of the case." *See id.* The Court finds compelling reasons exist to seal the transcript, as it reveals sensitive information about Petitioner's asylum application, and as Petitioner submits, the "public filing of th[e] transcript would risk exposing him and his relatives to retaliation in Togo and would unnecessarily publicize highly personal information from ongoing protection proceedings." Joint Mot. at 3; *see Doe v. Becerra*, 787 F. Supp. 3d 1083, 1096 (E.D. Cal. 2025) (sealing similar information concerning an asylum application); *see also* 8 C.F.R. § 208.6 ("Information contained in or pertaining to any application for refugee admission, asylum, withholding of removal under section 241(b)(3) of the Act, or protection under regulations issued pursuant to the Convention Against Torture's implementing legislation . . . shall not be disclosed without the written consent of the applicant . . . ."). Accordingly, the Court finds that sealing the transcript is appropriate and **GRANTS** the Joint Motion.

**PETITION FOR WRIT OF HABEAS CORPUS**

**I.     Legal Standard**

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

/ / /

26-CV-767 JLS (DEB)

## II.    Jurisdiction

Respondent argues that this Court lacks jurisdiction under 8 U.S.C. § 1252(g) because Petitioner's claims arise from DHS's decision to commence removal proceedings. Ret. at 4–6.  The Court disagrees.

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  8 U.S.C. § 1252(g).  Section 1252(g) should be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Ibarra-Perez v. United States*, No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (quoting *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482, 487 (1999)).  Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at *7.  Section 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1052–53 (9th Cir. 1998) (finding that the petitioners' objective was not to review the merits of their proceeding, but rather "to enforce their constitutional rights to due process in the context of those proceedings").

Here, Petitioner does not challenge the decision to commence removal proceedings or any act to adjudicate or execute a removal order.  Traverse at 2.  Rather, Petitioner is challenging his prolonged detention without a bond hearing. *Id.* at 3.  Petitioner is enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, No. 25-CV-2180-DMS-MMP, 2025 WL 2549431, at *4 (S.D. Cal. Sept. 3, 2025).  Therefore, § 1252(g) does not strip the Court of jurisdiction.

## III.    Merits

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes

unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025). However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases). In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. *See, e.g.*, *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *3 (S.D. Cal. Nov. 12, 2025).

The Court finds that Petitioner has established he is entitled to a bond hearing. Petitioner's length of detention without a bond hearing, now over thirteen months, weighs in Petitioner's favor. Courts have found detention of similar lengths without a bond hearing weighs towards a finding that detention has become unreasonable. *See, e.g.*, *Guatam v. Corr. Corp of Am.*, No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at *4 (S.D. Cal. Jan. 5, 2026) (finding that one-year detention weighed in favor of granting a bond hearing); *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *4 (S.D. Cal. Nov. 12, 2025) (finding that eleven month detention without a bond hearing "absent meaningful rebuttal by [r]espondents" was unreasonable and violated due process). The length of detention therefore favors Petitioner.

As to the likely duration of future detention, Petitioner argues that "there is no definite end to [his] detention in sight" since his detention may "last several more months or even years during the adjudication of his appeal to the BIA and, if unfavorable, Petitioner's appeal to the Ninth Circuit." Pet. ¶ 70 (citing *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1119 (W.D. Wash. 2019)). The Court agrees, since Respondents, despite

26-CV-767 JLS (DEB)

their assertion that a BIA decision can "generally [be] expect[ed] within a few months," Ret. at 14 (citing an online study about BIA appeals), "cannot predict with any degree of confidence when the BIA appeal will be resolved"—nor the timeline for the resolution of any potential appeal to the Ninth Circuit. *Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020). Therefore, the likely duration of future detention weighs in Petitioner's favor.

Delay in removal proceedings is closer. Petitioner argues that delay is attributable to Respondents given their inability to obtain an interpreter, and that Petitioner has not otherwise caused any delay. Pet. ¶¶ 72–73. Petitioner also notes that the BIA took until January 30, 2026, to issue a briefing schedule for his appeal, which was filed in September 2025. *Id.* ¶ 73. Respondents argue that delay is attributable to Petitioner, as Petitioner allegedly requested extensions to gather additional evidence for this asylum application, finish the application, or find an attorney each time he appeared before the Immigration Judge. Ret. at 14–15. The Immigration Judge ultimately "deemed Petitioner's application abandoned after he could not satisfactorily explain how he could verify the contents of his asylum application and documentary evidence if they were translated from languages he claimed he could not read." *Id.* at 15. Petitioner responds that "the record reflects repeated hearing continuances due to the government's inability to secure a Tchamba interpreter, and once Petitioner obtained pro bono counsel, he timely filed his Notice of Appeal." Traverse at 10. As it appears the delay in proceedings largely centered around the inability of the Immigration Judge to secure an interpreter, the Court finds that this factor is neutral. *See Rash v. LaRose*, No. 26V0008-LL-DEB, 2026 WL 249324, at *5 (S.D. Cal. Jan. 30, 2026).

In balancing these factors and affording greater weight to the length of Petitioner's detention, the Court finds that Petitioner's allegations establish that his detention is unreasonably prolonged. *See id.* at *4 ("The total length of detention is considered the most important factor." (citing *Banda*, 385 F. Supp. 3d at 1118)).

/ / /

26-CV-767 JLS (DEB)

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within <u>fourteen (14) days</u> before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released.  If no hearing occurs within fourteen days of this Order, Petitioner shall be released from Respondents' custody.  The Parties **SHALL FILE** a Joint Status Report by <u>March 16, 2026</u>, informing the Court of the outcome of the hearing.

The Court **GRANTS** the Parties' Joint Motion to Seal Previously Filed Document ("Joint Mot.," ECF No. 5).  The Clerk of the Court **SHALL FILE** under seal the previously filed document Exhibit 2 of Respondents' Return (ECF No. 4, Ex. 2).  As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  February 24, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-767 JLS (DEB)